Christopher P. Milazzo, Esq.
CARMEL, MILAZZO & DiCHIARA, LLP
55 West 39th Street, 18th Floor
New York, New York 10018
(212) 658-0458 (tel.)
(646) 838-1314 (fax)
cmilazzo@cmdllp..com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x

|  |  |  |
|---|---|---|
| AMERICAN E GROUP LLC, | : | Case No.: |
|  | : |  |
|  | : |  |
| Plaintiff, | : |  |
|  | : | **COMPLAINT** |
| -against- | : |  |
|  | : |  |
| LIVEWIRE ERGOGENICS INC., | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |

-----------------------------------------------------x

Plaintiff American E Group LLC ("Plaintiff") (f/k/a Sunny Sky Realty, LLC), by and

through its attorneys, Carmel, Milazzo & DiChiara LLP, alleges for its Complaint against

Defendant LiveWire Ergogenics Inc. ("Defendant" or "LVVV") as follows:

<u>**NATURE OF ACTION**</u>

1.      This is an action to enforce a promissory note executed by LVVV in favor of

Plaintiff on November 17, 2015 pursuant to which Defendant was obligated issue shares of

LVVV restricted common stock having a value of $50,000 (250 million shares) upon the

execution of the promissory note and to repay the sum of $30,000 together with interest thereon

at the rate of 20 percent per annum on May 17, 2016.  As alleged below, Defendant wrongfully

and without any justification failed and refused to deliver the LVVV stock due on execution of

the promissory note and has failed to pay the $30,000 together with interest thereon due under the terms of the promissory note.  As a result, pursuant to the terms of the promissory note, Plaintiff is entitled to ten (10) times the value of the promissory note (with interest due up to the maturity date), *i.e.*, $330,0000, as well as the 250 million shares of LVVV stock that Defendant promised to deliver to Plaintiff upon the execution of the promissory note.

2.      Accordingly, as alleged more fully below, Plaintiff is entitled to a judgment directing Defendant to deliver to Plaintiff 250 million shares of Defendant's common stock and is entitled to a money judgment against Defendant in the amount of $325,000, together with interest thereon from June 17, 2016.

## THE PARTIES

3.      Plaintiff is a limited liability company organized and existing pursuant to the laws of the State of New York, with its principal place of business located at 18 East 41st Street, 14th Floor, New York, New York.

4.      Upon information and belief, Defendant LVVV is publicly-traded company organized and existing pursuant to the laws of the State of Nevada, with its principal place of business located at 1600 N. Kraemer Blvd., Anaheim, California.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that Plaintiff and Defendant are residents of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.      This Court has personal jurisdiction over Defendant pursuant to Section 302(a)(1) of the New York Civil Practice Law and Rules in that Defendant transacted business in the State of New York and this action arises from such transaction of business in the State of New York.

7.    Venue in the Southern District of New York is proper pursuant to 28 U.S.C. § 1391(b)(2) and/or 1391(b)(3) in that the promissory note that is the subject of this action was deemed made and delivered in the State of New York at the Plaintiff's office in this District, and Defendant is subject to the personal jurisdiction in this District.

## FACTS COMMON TO ALL CLAIMS

**Background**

8.    Upon information and belief, LVVV is a publicly-traded corporation in the business of acquiring and licensing special purpose real estate properties and the management of legal, fully-controlled and self-contained production facilities for cannabis-based products and services.

9.    In or about mid-2015, LVVV was seeking to obtain loans and/or investments so that it could fund its operations.

10.    In or about November 2015, LVVV was introduced to Plaintiff, and solicited a loan from Plaintiff.

**Plaintiff Loans Funds to LVVV**

11.    In or about November 2015, Plaintiff agreed to, and did, loan Defendant the sum of $30,000.

12.    In connection with the loan, Defendant executed a promissory note, dated November 17, 2015 (the "Note") pursuant to which Defendant agreed to pay to Plaintiff the sum of $30,000 on the date six (6) months from the execution of the Note, *i.e.*, May 17, 2016 (the "Maturity Date"), with interest at the rate of Twenty Percent (20%) per annum.  A true and correct copy of the Note is annexed hereto as Exhibit A.

13.     Further, as additional consideration for the Note, LVVV agreed in Note to tender and deliver to Plaintiff $50,000 worth of restricted shares of LVVV stock (the "Shares") upon the execution of the Note.  The Shares were to become freely tradeable on the Maturity Date.

14.     On November 17, 2015, LVVV's stock traded for the amount of $0.0002 per share.  Accordingly, Plaintiff was entitled to receive 250 million shares of LVVV restricted common stock pursuant to the terms of the Note.

15.     The Note further provides that:

> Am "Event of Default" shall be deemed to have occurred upon the occurrence of any of the following: (i) [LVVV] should fail for any reason or for no reason to make any payment of the principal or interest pursuant to this Note within thirty (30) days of the Maturity Date or otherwise due as prescribed herein . . .
>
> If an Event of Default shall occur and continue unremedied for more than sixty (60) days, then the Indebtedness, including all unpaid interest accrued thereon, shall at the option of [Plaintiff] and without notice to [LVVV], become due and payable at once and may be collected forthwith, whether or not there has been a prior demand for payment and regardless of the stipulated date for maturity. Moreover, if an Event for Default shall occur, then the Restricted Shares shall be freely tradeable and this Note shall be immediately convertible to ten (10) times the liquidated value of the Indebtedness. . . .

(Exh. A. § 4.)

16.     The Note also provides that:

> In the event that this Note, or any part hereof, is collected by or through an attorney-at-law, [LVVV] shall pay all costs of collection, including, but not limited to, reasonable attorneys' fees.

(Exh. A. § 4.)

**LVVV Breaches the Note**

17.     LVVV has breached the Note in numerous respects.

18.     Despite the clear language of the Note, LVVV failed to deliver Restricted Shares upon the execution of the Note.

19.     Moreover, despite repeated demands that LVVV deliver the Restricted Shares to Plaintiff following the execution of the Note, LVVV has failed and refused to deliver the Shares, *i.e.*, 250 million shares of LVVV restricted stock.

20.     Further, LVVV failed to pay the $30,000, together with interest at the rate of 20% per annum on the Maturity Date.

21.     The foregoing constitute Events of Default under the Note, entitling Plaintiff to ten (10) times the liquidated value of the indebtedness under the Note.  The indebtedness under the Note on the Maturity Date was $30,000, plus interest in the amount of $3,000, for a total of $33,000.  Thus, under the terms of Section 4 of the Note, Plaintiff is entitled to ten (10) times said amount, *i.e.*, $330,000.

22.     Thereafter, despite due demand, LVVV has failed to and refused to pay any part of the sums due under the Note.

**FIRST CLAIM FOR RELIEF**
(Enforcement of the Note – Money Damages)

23.     Plaintiff repeats and realleges each and every allegation contained in the above paragraphs as if set forth fully herein.

24.     On or about November 17, 2015, Defendant executed the Note in favor of Plaintiff.

25.     Plaintiff performed all of its obligations under the Note by tendering the sum of $30,000 to Defendant.

26.     Defendant defaulted in its obligations under the Note by failing to pay the principal amount loaned, together with interest thereon, on the Maturity Date.

27.     As a result of the foregoing defaults, Plaintiff is entitled to the immediate payment of ten (10) times the $33,000 in principal and interest due on the Note on the Maturity Date, *i.e.*, $330,000.

28.     Defendant has failed and refused to pay the amounts due under the Note.

29.     By reason of the foregoing, Plaintiff has been damaged in the amount of $330,000, together with interest thereon from June 17, 2016.

### SECOND CLAIM FOR RELIEF
(Enforcement of Note – Specific Performance)

30.     Plaintiff repeats and realleges each and every allegation contained in the above paragraphs as if set forth fully herein.

31.     As alleged above, on or about November 17, 2015, Defendants executed the Note in favor of Plaintiff.

32.     As alleged above, pursuant to the terns of the Note, Defendants agreed in Note, as additional consideration therefor, to tender and deliver to Plaintiff the Shares, *i.e.*, 250 million restricted shares Defendant's common stock, upon the execution of the Note, which were to become freely tradeable on the Maturity Date.

33.     Defendant breached its obligations under the Note by failing and refusing to deliver to Plaintiff the Shares upon the execution of the Note.

34.     Despite due demand following the execution of the Note, Defendant has failed and refused to deliver the Shares to Plaintiff.

35.     Plaintiff has no adequate remedy at law regarding Defendant's failure to deliver the Shares.

36.     Plaintiff is entitled to specific performance under the Note, by court decree, ordering and directing Defendant to issue and deliver the Shares, freely tradeable, to Plaintiff.

### THIRD CLAIM FOR RELIEF
(Breach of Contract -- Costs of Collection Under the Note)

37.     Plaintiff repeats and realleges each and every allegation contained in the above paragraphs as if set forth fully herein.

38.     On or about November 17, 2015, Defendant executed the Note in favor of Plaintiff.

39.     Plaintiff performed all of its obligations under the Note.

40.     Pursuant to the Note:

> In the event that this Note, or any part hereof, is collected by or through an attorney-at-law, [LVVV] shall pay all costs of collection, including, but not limited to, reasonable attorneys' fees.

41.     As a result of Defendant's defaults in its obligations under the Note, Plaintiff was forced to retain counsel to enforce and collect the amounts due under the Note.

42.     As a result of the foregoing, Plaintiff has been damaged in an amount to be determined at trial.

**WHEREFORE**, Plaintiff demands judgment as follows:

(a) On the First Claim for Relief, in favor of Plaintiff and against Defendant in the amount of $330,000, together with interest thereon from June 17, 2016;

(b) On the Second Claim for Relief, directing that Defendant immediately issue and deliver 250 million freely tradeable shares of its common stock to Plaintiff in periodic issuances of such stock so that Plaintiff is not in possession of more than 9.99% of LVVV's stock at any one time;

(c) On the Third Claim for Relief, in favor of Plaintiff and against Defendant in an

    amount to be determined at trial;

(d) For its costs and disbursements, including its reasonable attorneys' fees; and

(e) For such other and further relief as the Court deems just, equitable and proper.

Dated: New York, New York
       May 3, 2018

CARMEL, MILAZZO & DiCHIARA LLP


By:/s/  Christopher P. Milazzo
        Christopher P. Milazzo, Esq.
55 West 39th Street, 18th Floor
New York, New York 10018
(212) 658-0458 (tel.)
(646)838-1314 (fax)
cmilazzo@cmdllp.com

*Attorneys for Plaintiff*