**JOSEPH PAUKMAN**
ATTORNEY AT LAW
-------------------------------
**1407 Avenue Z # 612**
**Brooklyn, NY 11235**
**tel:  (718) 736-4050**
**fax: (484) 307-7973**
**3360066@gmail.com**

July 14, 2019

Hon. Gregory H. Woods
Via Pacer
500 Pearl St.
NY NY 10007

                Re:   American E Group v Livewire Ergogenics v Elana Hirsch et al
                       Index 1-18-cv-3969-GHW
                       ==================

Dear Judge Wood

      Third party Defendants JSBARKATS PLLC and SUNNY JOSEPH BARKATA aka SUNNY JOSEPH BARKATS, by counsel, respectfully submits this pre-motion letter per Court Rule 2.C. to request a pre-motion conference to concerning a motion pursuant to F.R.C.P. § 12(b)(1) to either dismiss the claims against them or compel arbitration pursuant to arbitration agreement.

      Federal courts in six circuits have treated motions to compel arbitration as motions to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). A district court in the Eleventh Circuit is the only court to *expressly* state that motions to compel arbitration should be brought under Rule 12(b)(1). *MRI Scan Ctr., L.L.C. v. Nat'l Imaging Assocs., Inc.*, No. 13–

60051–CIV, 2013 WL 1899689, at *2 (S.D. Fla. May 7, 2013). However, in the Second, Sixth, Eighth, Ninth, and Federal Circuits litigants have been *permitted* to bring motions to compel under the 12(b)(1) standard. *See, e.g.*, *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d. 1102, 1106–07 (9th Cir. 2010); *U.S. ex rel. Lighting & Power Servs., Inc. v. Inferface Constr. Corp.*, 553 F.3d 1150, 1152 (8th Cir. 2009); *Harris v. United States*, 841 F.2d 1097, 1099 (Fed. Cir. 1988); *Multiband Corp. v. Block*, No. 11–15006, 2012 WL 1843261, at *5 (E.D. Mich. May 21, 2012); *Orange Cnty. Choppers, Inc. v. Goen Techs. Corp.*, 374 F. Supp. 2d 372, 373 (S.D.N.Y. 2005).

Other circuits take a different position asserting that motions to compel arbitration should be brought under Rule 12(b)(3) for improper venue. The Fourth and Seventh Circuits adopt this approach. These circuits reason that because arbitration clauses are a type of forum selection clause and therefore concern venue, motions to compel arbitration should be brought under Rule 12(b)(3). *Gratsy v. Colo. Technical Univ.*, 599 Fed. App'x 596, 597 (7th Cir. 2015); *Hayes v. Delbert Servs. Corp.*, No. 3:14:–cv–258, 2015 WL 269483, at *4 n.1 (E.D. Va. Jan. 21, 2015).

Only one circuit adopts Rule 12(b)(6) — failure to state a claim upon which relief can be granted — as the proper subpart for a motion to compel arbitration. The Third Circuit explicitly rejects the practice of bringing motions to compel arbitration under 12(b)(3) and requires that motions to compel arbitration should be made under Rule 12(b)(6). *Palko v. Airborne Express, Inc.,* 372 F.3d 588, 597–98 (3rd Cir. 2004); *Lomax v. Meracord L.L.C.*, No. 13–1945 (SRC), 2013 WL 5674249, at *6 n.3 (D.N.J. Oct. 16, 2013).

The First Circuit have yet to address the issue. *New York favors arbitration, as per Harris v. Shearson Hayden Stone, Inc.*, 82 A.D. 2d 87, 91-93 (1st Dep't), *aff'd*, 56 N.Y.2d 627 (1981)

"[T]his State favors and encourages arbitration as a means of conserving the time and resources of the courts and the contracting parties. . . ."

Under CPLR § 7503(a), a motion to compel may be made by "[a] party aggrieved by the failure of another to arbitrate …." The same is true under the Federal Arbitration Act ("FAA"). *See* 9 U.S.C. § 4 ("a party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition … for an order" compelling arbitration) in our instance the parties agreed to a mandatory confidential arbitration proceedings under the AAA as per the signed retainer by Bill Hodson individually as a personal guarantor and as the representative and CEO of Live Wire LVVV, a retainer reviewed and acknowledged with the assistance of separate counsel as acknowledged twice by Mr. Hodson himself for advisory services and legal services with regard to the narrow scope of '34 Act services by the firm acting as securities attorney with regards to SEC filings only. Under both New York law and the FAA, a party is aggrieved when the non-aggrieved party (a) commences litigation in lieu of arbitration, or (b) refuses to comply with an order of a relevant arbitral authority to arbitrate the dispute. *See Jacobs v. USA Track & Field*, 374 F.3d 85, 89 (2d Cir. 2004) (holding that the petitioner was not an aggrieved party where the respondents had neither commenced litigation nor failed to comply with an order to arbitrate by the arbitral authority). *See also Koob v. IDS Fin'l Servs., Inc.*, 213 A.D.2d 26, 30-31 (1st Dept. 1995) (holding that "a party to an arbitration agreement is not aggrieved until litigation of an issue within the operation of the arbitration provision is attempted"); *SH Tankers Ltd. v. Koch Shipping Inc.*, 2012 WL 2357314, at *3 (S.D.N.Y. 2012).(noting that "unless the respondent has resisted arbitration, the petitioner has not been 'aggrieved' by anything, and there is nothing for the court to compel")  (internal quotations and citations omitted); *LAIF X SPRL v. Axtel, SA. de*

*CV*, 390 F.3d 194, 198 (2d Cir. 2004) (stating that a party is aggrieved if the other party "commences litigation or is ordered to arbitrate the dispute by the relevant arbitral authority and fails to do so") (internal quotations omitted).In addition, attorney Noll who became unresponsive never waived JSBarkats nor Sunny Barkats' jurisdictional rights nor right to Arbitrate as it states in the answers' "Seventeenth affirmative defense
Third-Patty Defendants reserve their right to compel arbitration of all Defendant and ThirdPatty Plaintiffs claims arising out of the matter referenced herein and referenced in its Counterclaims and Third-Party Complaint and arising out of all matters in controversy between Defendat1t and Third-Party Plaintiff and Third-Party Defenda11ts."

Based on above said case law this Court should order a pre-motion conference concerning motion either dismiss the claims against JSBARKATS PLLC and SUNNY JOSEPH BARKATA aka SUNNY JOSEPH BARKATS, or compel arbitration pursuant to arbitration agreement

/s/ JOSEPH PAUKMAN
_____

**JOSEPH PAUKMAN**