# GUSRAE KAPLAN NUSBAUM PLLC
### ATTORNEYS AT LAW

SCOTT H. GOLDSTEIN
MARTIN H. KAPLAN
LAWRENCE G. NUSBAUM
RYAN J. WHALEN
BENJAMIN S. KAPLAN

120 WALL STREET-25TH FLOOR
NEW YORK, NEW YORK 10005

TEL (212)269-1400
FAX (212)809-4147

81 MAIN STREET-SUITE 215
WHITE PLAINS, NEW YORK 10601
(914)644-8323

www.gusraekaplan.com

OF COUNSEL
ROBERT L. BLESSEY

July 15, 2019

**VIA ECF**

The Honorable Gregory H. Woods, United States District Court Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:    *American E Group LLC v. Livewire Ergogenics, Inc.* No. 1-18-cv-03969 (GHW)

Dear Judge Woods:

      We represent Defendant/Counter-Plaintiff/Third-Party Plaintiff Livewire Ergogenics, Inc. ("Livewire") in the above-captioned action. We are writing in response to third party defendants JS Barkats PLLC ("JSB") and Sunny Barkats ("Barkats") letter dated July 14, 2019 requesting a pre-motion conference to file a motion under Fed.R.Civ.P. 12(b)(1) to dismiss the third party complaint against them pursuant to an arbitration agreement in the retainer agreement between JSB and Livewire (the "Third Party Defendants' Letter"). *See* DE 135, pp. 1.

      For the reasons set forth below, the Court should not permit JSB and Barkats to move to dismiss the third party complaint against them because on February 19, 2019, JSB expressly agreed to waive the right to move to dismiss on jurisdictional grounds.

      JSB was served with the summons and third party complaint on January 25, 2019, which required an answer on or before February 25, 2019. *See* DE 73. On February 19, 2019, Attorney Jerome Noll[1] requested an extension of time until March 11, 2019 to file JSB's answer to the third party complaint. Livewire responded that the consent would be given if JSB waives all

---

[1] Despite the appearance of Attorney Paukman, JSB and Barkats are still represented by Jerome Noll, Esq. *See* DE 94-95.

GUSRAE KAPLAN NUSBAUM PLLC

jurisdictional defenses. In response, Attorney Noll agreed, writing: "JS Barkats, PLLC waives all jurisdictional defenses, including, but not limited to, improper or defective service of the summons and complaint on JS Barkats PLLC n the above referenced case."[2] Ex. A, emails dated February 19, 2019 confirming JSB's waiver of all jurisdictional defenses.

JSB did not file its answer by March 11, 2019. Attorney Noll represented that he was ill and requested an extension until March 19, 2019 to respond to the third party complaint.

JSB failed to respond to the third party complaint by March 19, 2019. Attorney Noll alleged that he was having difficulty electronically filing JSB's response to the third party complaint. See Ex. C. Again, Livewire's counsel provided the professional courtesy of giving Attorney Noll additional time to resolve his alleged technical issues with the ECF system. Thereafter, on April 9, 2019, JSB and Barkats filed their answers to Livewire's third party complaint. *See* DE 102 and 103. Attorney Noll thanked Livewire's counsel for his patience.

After Attorney Noll filed JSB and Barkat's answers, he communicated with Livewire's counsel concerning various matters in the action, including, scheduling depositions for the parties, including, JSB and Barkats. However, subsequent to the Court's Order dated July 5, 2019, which scheduled the status conference for July 16, 2019, Attorney Noll has not responded to the undersigned's efforts to communicate. Livewire does not believe this is a coincidence, but rather part of a ploy to avoid the February 19, 2019 agreement whereby Attorney Noll, on behalf of JSB, waived all jurisdictional defenses. This waiver bars the anticipated motion to dismiss and compel arbitration under Fed.R.Civ.P. 12(b)(1).

In the Courts of the Second Circuit, motions to compel arbitration are considered motions to dismiss under Fed.R.Civ.P. 12(b)(1) because the motion is premised on the allegation that the Court does not have subject matter jurisdiction over the dispute due to the agreement to arbitrate. In *NYP Holdings, Inc. v. Newspaper and Mail Deliverers' Union of New York and Vicinity,* the Court determined that "the Union's assertion that arbitration is the proper forum for the Post's claims is considered a motion under 12(b)(1) that this Court lacks subject matter jurisdiction over the action."). *NYP Holdings,* 2002 WL 1603145 at * 1, n. 2 (SDNY 2002). *See Sutherland v. Ernsy & Young LLP*, 726 F.3d 290, 293 and 299 (2d Cir. 2013) (reversing the District Court's denial of a motion to dismiss under 12(b)(1) and compelling arbitration); *State of New York v. Oneida Indian Nation of New York,* 90 F.3d 58, 60 and 64 (2d Cir. 1996) (reversing District Court's ruling that the State's claim was covered by mandatory arbitration clause and thus dismissed for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1)); *Kutluca v. PQ New York Inc.*, 266 F.Supp.3d 691, 693 and 704 (SDNY July 2017) (granting, pursuant to Fed.R.Civ.P. 12(b)(1), "[d]efendants' motion to compel arbitration and dismiss the class action complaint...."); *Sands Bros. & Co. Ltd. v. Alba Perez Ttee Catalina Trust,* 2004 WL 2186574 at * 2-3 (SDNY Sept. 2004) (analyzing arbitrability in the context of a Fed.R.Civ.P. 12(b)(1) motion); *Orange County Choppers, Inc. v. Goen Tech. Corp.*, 374 F.Supp.2d 372, 373 and 375 (SDNY June 2005) (granting motion to compel arbitration under Fed.R.Civ.P. 12(b)(1)); and *Brennan v. Bally Total*

---

[2] Livewire has not attached this email pursuant to the Court's Individual Practice Rule 2.C.i. A copy of this email and other emails referenced in the letter will be available at the Court status conference scheduled for July 16, 2019 at 4:00 p.m., should the Court want to review the emails.

2

GUSRAE KAPLAN NUSBAUM PLLC

*Fitness*, 198 F.Supp.2d 377, 381 (SDNY 2002) (analyzing motion to compel arbitration under the FAA as a motion pursuant to Fed.R.Civ.P. 12(b)(1)).

Indeed, counsel for JSB and Barkats acknowledge that its proposed motion would seek relief under Rule 12(b)(1). *See* DE 135, p. 1. JSB and Barkats also acknowledge that in the Second Circuit, motions to compel arbitration are treated as motions to dismiss for lack of subject matter jurisdiction. *See* Third Party Defendants' Letter, p. 2.[3] Nevertheless, by belatedly seeking to compel arbitration and dismiss the third party claims against them, JSB fails to honor its agreement to waive all jurisdictional defenses in consideration of receiving approximately two additional months to answer the third party claims.

On Friday, July 12, 2019, during a meet and confer between counsel[4], Attorney Paukman informed Livewire's counsel that JSB and Barkats intends to move to dismiss the third party claims based on the arbitration clause in JSB's retainer agreement. This was the first time Livewire's counsel learned that JSB and Barkats would be moving to dismiss the third party claims. Immediately, Livewire's counsel informed Attorney Paukman that JSB waived all jurisdictional objections, which necessarily included, a motion to dismiss based on an arbitration clause. After several emails back and forth, Attorney Paukman asserted that JSB's "jurisdictional waiver has nothing to do with arbitration."[5] The above-referenced authority establishes that Attorney Paukman is wrong.

There are several additional reasons why this Court should deny the anticipated motion to dismiss and compel arbitration, including, but not limited to, the retainer agreement and its arbitration provision are void due to fraudulent inducement[6], unconscionability and that the motion would be untimely. It is respectfully submitted, however, that JSB and Barkats[7] should not be permitted to file a motion to dismiss to compel arbitration. Counsel for the parties entered an agreement five months ago whereby JSB received substantial extensions of time to answer the third party complaint; in consideration of these extensions, JSB waived all jurisdictional defenses. JSB should be held to that agreement without the burden of additional and lengthy motion practice.

Respectfully submitted,

Ryan J. Whalen

---

[3] From the second paragraph at page one through the second full paragraph of page two, the Third Party Defendants' Letter assert without attribution the verbatim language contained in the blog post, https://www.arbitrationnation.com/to-b1-or-not-to-b1-what-to-call-your-rule-12-arbitration-motion/.

[4] As directed by Court Order. *See* DE 132.

[5] Attorney Paukman's assertion that JSB's waiver of jurisdictional defenses has nothing to do with compelling arbitration is shown meritless by the Third Party Defendants' Letter, which sought leave to file a motion to dismiss under 12(b)(1) for lack of subject matter jurisdiction. *See* DE 135, p. 1.

[6] At the time Livewire entered into the retainer agreement with JSB, Plaintiff, American E Group, LLC (AEG) shared office space with JSB and Barkats was simultaneously managing partner of JSB and a member of AEG. At the time the retainer agreement was entered, JSB and Barkats knew that AEG would be the lender to Livewire, but did not disclose to Livewire that AEG, JSB and Barkats were all inextricably related to one another.

[7] Barkats is not a party of the retainer agreement in his personal capacity and thus has no right to compel arbitration.