**JOSEPH PAUKMAN**
**ATTORNEY AT LAW**
-------------------------------
**1407 Avenue Z # 612**
**Brooklyn, NY 11235**
**tel:  (718) 736-4050**
**fax: (484) 307-7973**
**3360066@gmail.com**

July 14, 2019

Hon. Gregory H. Woods
Via Pacer
500 Pearl St.
NY NY 10007

              Re: American E Group v Livewire Ergogenics v Elana Hirsch et al
                 Index 1-18-cv-3969-GHW
                 ===================

Dear Judge Wood

  Third party Defendants JSBARKATS PLLC and SUNNY JOSEPH BARKATA aka SUNNY JOSEPH BARKATS, by counsel, respectfully submits this reply to Docket 138 and in support of compel arbitration pursuant to arbitration agreement.

  Federal courts in six circuits have treated motions to compel arbitration as motions to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). a federal trial court may not hear cases based on state law where the parties are citizens of the same state. Even if the court would have personal jurisdiction over the parties, if the court lacks subject matter jurisdiction over the entire case, the entire case will be dismissed from federal court. See FRCP 12(b)(1). See *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149 (1908).

Consent of the parties cannot allow subject matter jurisdiction to a court. Unlike personal jurisdiction, which the court can obtain upon a party's consent or failure to object, lack of subject matter jurisdiction is *never waivable*; either the court has it, or it cannot assert it. Agreements between the parties to confer subject matter jurisdiction upon a particular court are invalid. Furthermore, a party can raise lack of subject matter jurisdiction at any time; there are no time restraints on when such an objection can be raised (again, as opposed to personal jurisdiction, which must be raised at a very early stage in the proceedings). FRCP 12(h)(3) provides: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." This rule has been interpreted to mean that courts can raise lack of subject matter jurisdiction *sua sponte*, that is, on their own, without any suggestion by a party.

Based on FRCP 12 (h)(3) this Court should dismiss the claims against JSBARKATS PLLC and SUNNY JOSEPH BARKATA aka SUNNY JOSEPH BARKATS, or compel arbitration pursuant to arbitration agreement

/s/ JOSEPH PAUKMAN
_____

**JOSEPH PAUKMAN**