T. Bryce Jones, Esq.
Jones Law Firm, P.C.
450 7th Avenue, Suite 1408
New York, NY 10123
(212) 258-0685
bryce@joneslawnyc.com

**J o n e s**
Law Firm P.C

September 4, 2019

**VIA ECF**
Honorable Gregory H. Woods
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Courtroom 12C
New York, New York 10007

Re:   *American E Group LLC v. LiveWire Ergogenics Inc.,* 18-cv-03969
         Joint Letter Per Request of Court

Dear Judge Woods:

We submit this joint status update pursuant to the Court's request in our telephonic conference on August 29, 2019 at 2:00 p.m., that counsel for Third Party Plaintiff LiveWire Ergogenics Inc. ("LiveWire") and counsel for Third Party Defendants JS Barkats PLLC and Sunny Joseph Barkats (jointly, the "Barkats Defendants") update the Court by September 4th, 2019, on their attempts to resolve a dispute about whether (and to what extent) discovery will continue pending the Court's ruling on LiveWire's motion to compel (Dkt. No. 172). Unfortunately, the relevant parties have been unable to resolve their disagreement. Their respective positions are summarized below.

**The Barkats Defendants' Position**

The Barkats Defendants submit that discovery should be stayed until the Court has had an opportunity to determine whether LiveWire's claims are subject to the mandatory arbitration clause at issue. *See* Dkt. No. 140. The parties agreed to resolve any disputes by arbitration in order to benefit from the expediency and confidentiality offered by arbitral resolution; neither the parties involved nor the Court should have to expend significant time and resources in discovery pursuant to the Federal Rules. If the Court ultimately finds in favor of the Barkats

Defendants on the Motion to Compel Arbitration, the parties would need to shift to arbitration mid-discovery, which would precipitate complex issues regarding the interplay between the contrasting rules of this Court and those of an arbitral forum.  LiveWire will have had an opportunity to conduct wide-ranging discovery under the Federal Rules for its claims while the Barkats Defendants may not have a similar opportunity to conduct similarly wide-ranging discovery in arbitration. Moreover, allowing this discovery would effectively deprive the Barkats Defendants of one of the main benefits of the agreement: the streamlined discovery procedures set forth in the American Arbitration Association's Commercial Rules.  Lastly, while a confidentiality agreement may partly mitigate the harm to the Barkats Defendants, they believe it highly unlikely that they would be able to prosecute their counterclaims in this proceeding in a full and fair manner without being deprived of the benefit of the bargained-for confidentiality provided by the arbitration clause. Their only alternative would be to arbitrate their counterclaims separately, which would be highly inefficient and could result in inconsistent judgments or res judicata issues. These complex issues and gratuitous costs can be easily avoided simply by staying discovery pending the Court's decision on this important jurisdictional determination. The Barkats Defendants see no prejudice that can arise to any party from a brief stay until the Court renders a decision on the fully briefed Motion to Compel Arbitration.

**<u>Livewire's Position</u>**

The current issue is whether or not discovery as it relates to the Barkats Defendants should be stayed pending the determination of the pending motion to dismiss/compel arbitration.  Dkt. No. 140.  For the reasons set forth below, a stay is not warranted.

First, even if the motion to compel were granted, Livewire would still find it necessary to serve subpoenas upon JSB and/or Mr. Barkats as non-parties in connection with Livewire's claims against AEG and Elana Hirsch.  The Barkats Defendants relevance in this litigation is not limited to their roles as counsel for Livewire.  Indeed, Plaintiff American E. Group, LLC ("AEG") has admitted in its pleadings that Mr. Barkats was a member and manager of AEG at the time JSB and Mr. Barkats represented Livewire when negotiating and drafting the promissory note between AEG and Livewire.  Furthermore, discovery in this action has thus far established that the Barkats Defendants began representing AEG in early 2018 in connection with AEG's demands that Livewire pay the alleged amount due under the promissory note.   In fact, the limited discovery obtained thus far demonstrates that Mr. Barkats controlled AEG during the relevant time period and that AEG and JSB were essentially alter-egos of one another, sharing the same office space and intermingling monies in their bank accounts.

If JSB and/or Mr. Barkats are dismissed from this action, Livewire would immediately issue subpoenas on the JSB and/or Mr. Barkats that would seek the identical documents and testimony were they to remain as third party defendants in this action.  Regardless of whether or not they are parties or non-parties, the Barkats Defendants will have to produce responsive documents and appear for their depositions in this action.  Therefore, a stay in discovery would serve no purpose other than to delay the inevitable.

The Barkats Defendants are purportedly concerned that they might have to arbitrate their fee dispute separately while Livewire proceeds with its third party claim; this is unlikely for, at least, two reasons.

First, if the Court denies the Motion to Dismiss, then JSB would be obligated to bring its fee dispute claims in this action as said claims are compulsory counterclaims to Livewire's legal malpractice claim.  *See* Fed.R.Civ.P. 13(a) and *D'Jamoos v. Griffith*, 368F.Supp.2d 200, 204 (E.D.N.Y. 2005) (holding fee counterclaims are compulsory when arising out of same legal representation underlies plaintiff's legal malpractice claim). Therefore, if the third party claims against JSB are not dismissed, JSB would be required to bring their demand for legal fees as counterclaims against Livewire in this action.

Second, even if JSB's proposed arbitration claims were not compulsory, if Livewire successfully prosecutes its third party claims against the Barkats Defendants in this action, then any claims brought by the Barkats Defendants in arbitration would be barred under the doctrine of collateral estoppel.  New York law is clear, if a lawyer engaged in legal malpractice, the lawyer cannot seek to recover the legal fees incurred when engaging in the malpractice.  *See Kluczka v. Lecci,* 63 A.D.3d 796, 798 (2d Dep't 2009) ("[a]n attorney may not recover fees for legal services performed in a negligent manner even where that negligence is not the proximate cause of the client's injury."; and *Cole-Hoover v. New York Dept. of Correctional Serv.*, 2014 WL 576176 * 6 (W.D.N.Y. 2014).  As such, if Livewire establishes that the Barkats Defendants committed legal malpractice in connection with the legal services provided under the retainer agreement, then the Barkats Defendants attempt to collect fees under the retainer agreement would be barred.

Finally, the Barkats Defendants claim that unnecessary discovery expenses could be avoided if a stay were granted.  If the Barkats Defendants were legitimately concerned with incurring expenses related to this litigation it would not have appeared in this action for six months before moving to dismiss based on the arbitration clause.  In any event, if discovery proceeds in this action while the motion to dismiss is pending, it would only expedite the arbitration process were it to go forward.  The document discovery sought in this action would be, essentially, identical to the document discovery sought in the arbitration. Livewire believes that

the Barkats Defendants are aware of this fact.  It is respectfully submitted that the Barkats Defendants' purpose in seeking a stay is to avoid Mr. Barkats from having to appear in the United States for his deposition.  Mr. Barkats is outside the United States at an unknown location.  His counsel in a separate litigation represented to the Court that Mr. Barkats has been indicted by the State of New York.  Mr. Barkats will likely not appear for his deposition or trial testimony in this case.  Livewire believes that Mr. Barkats hopes that if the dispute between Livewire and JSB is arbitrated, he may not have to appear at an arbitration hearing in person in light of arbitrations more informal rules.  It is respectfully requested that the Court not permit this transparent attempt to avoid the Barkats Defendants' discovery obligations in this case.

Regardless of the foregoing, the arbitration clause in the retainer agreement would only apply to the claims against JSB, because Mr. Barkats was not an individual signatory to the retainer agreement.  As such, Mr. Barkats would remain a party to this action, and his discovery obligations should not be stayed for any reason.

The parties jointly request that the Court schedule a pre-motion conference to address these issues set forth herein.

> Respectfully submitted,
>
> /s/ Ryan J. Whalen
> Ryan J. Whalen
>
> /s/ Bryce Jones
> Bryce Jones