# GUSRAE KAPLAN NUSBAUM PLLC
### ATTORNEYS AT LAW

120 WALL STREET-25TH FLOOR
NEW YORK, NEW YORK 10005

OF COUNSEL
ROBERT L. BLESSEY

SCOTT H. GOLDSTEIN
MARTIN H. KAPLAN
LAWRENCE G. NUSBAUM
RYAN J. WHALEN

TEL (212)269-1400
FAX (212)809-4147

——

81 MAIN STREET-SUITE 215
WHITE PLAINS, NEW YORK 10601
(914)644-8323

——

www.gusraekaplan.com

September 9, 2019

**VIA ECF**

Honorable Gregory H. Woods
United States District Court Judge
United States District Court for the
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:     *American E Group LLC v. Livewire Ergogenics, Inc.* No. 1-18-cv-03969 (GHW)

Dear Judge Woods:

We represent Defendant Livewire Ergogenics, Inc. ("Livewire") in the above-captioned action.[1]  We write pursuant to the Court's Individual Rule 2.c.i to request a pre-motion conference for Livewire's anticipated motion to dismiss ("MTD") Plaintiff American E Group, LLC's ("AEG" or "Plaintiff") second amended complaint ("SAC").

**The Grounds for the MTD**

Plaintiff's first claim for enforcement of the note, including, interest thereon, fails to state a claim for which relief can be granted.  The note is void and unenforceable because it charges a usurious rate of interest.  *See* D.E. 28, pp. 6-9.  Plaintiff's anticipated reliance upon Section 5 of the note (D.E. 175-1), which is a usury savings clause, to argue that AEG is entitled to collect upon the note and receive twenty percent (20%) interest per annum will fail.  Under New York law, usury avoidance language such as Section 5 cannot save an otherwise usurious note.  *See Simsbury Fund, Inc. v. New St. Louis Assocs.*, 204 AD2d 182 (1st Dep't 1994); and *Bakhash v. Winston*, 134

---

[1] Livewire's counsel will file a notice of appearance on behalf of Bill Hodson prior to file the anticipated MTD.

GUSRAE KAPLAN NUSBAUM PLLC

AD3d 468, 469 (1st Dep't 2015). Therefore, the note is void in its entirety, including Section 5, and AEG's claims seeking to enforce the note must fail.

Plaintiff's second claim seeks to enforce the note's default interest/liquidated damages clause (Section 4) that charges Livewire a 1000% balloon payment in the event of default. This claim also fails for the same reason set forth above; in other words, the note, in its entirety, is void.

Furthermore, the second claim also must be dismissed because Section 4 sets forth an unreasonable and unconscionable default rate of interest or penalty provision. Pursuant to Section 4 of the note, in the event of default, AEG is entitled to convert ten (10) times the liquidated value of the indebtedness ($30,000) to shares of LVVV stock. *See* DE 175-1. Section 4 of the note charges an unreasonable and unconscionable balloon payment of 1000% on the note principal. The 1000% default payment has no relationship to the amount that AEG could have been injured if the note was not paid (assuming it were not void). Courts routinely dismiss at the pleading and pre-trial stages penalty provisions far less punitive than what is contained in Section 4 of the note. *See Adar Bays LLC v. GeneSYS ID, Inc.*, 341 F.Supp.3d 339, 349 (SDNY Sept. 20, 2018) (reviewing, *sua sponte,* the liquidated damages provision and holding it to be an unenforceable penalty); *Bristol Inv. Fund, Inc. v. Carnegie Intern. Corp.*, 310 F.Supp.2d 556, 569 (SDNY 2003).

Plaintiff's fifth claim seeks the recovery of its collection fees/costs under the note. This claim also must fail because the entire note is void, including, the section upon which the fifth claim relies.

Plaintiff's sixth claim for tortious interference with contract against Bill Hodson also fails. An element of a tortious interference with contract claim is the existence of a valid contract. Here, for the reasons previously stated, the note is not a valid contract. As such, Plaintiff's sixth claim fails to state a claim.

Plaintiff's seventh claim for unjust enrichment, which is understood to be plead in the alternative to Plaintiffs breach of contract based claims, also fail to set forth a viable claim. Plaintiff' seventh claim is an equitable claim. *See IDT Corp. v. Morgan Stanley Dean Witter & Co.,* 12 N.Y.3d 132, 142 (2009). A plaintiff seeking equity must come to Court with clean hands. Plaintiff has not come to Court with clean hands, but rather to enforce a criminally usurious note. Accordingly, AEG cannot recover under an unjust enrichment theory. *See Blue Wolf Capital*, 105 AD3d 178, 184 (1st Dep't 2013) (holding that since lender charged a usurious rate of interest, it was not entitled to equitable relief.); and *Roopchand v. Mohammed*, 154 AD3d 986, 988 (2d Dep't 2017).

For the foregoing reasons, it is respectfully requested that the Court schedule a pre-motion conference on Livewire and Bill Hodson's anticipated MTD.

Respectfully submitted,

Ryan J. Whalen