**JOSEPH PAUKMAN**
**ATTORNEY AT LAW**

--------------------------------

**1407 Avenue Z # 612**
**Brooklyn, NY 11235**
**tel:  (718) 736-4050**
**fax: (484) 307-7973**
**3360066@gmail.com**

October 10, 2019

Hon. Gregory H. Woods
Via Pacer
500 Pearl St.
NY 10007

Re:    American E Group v
Livewire Ergogenics
v  Elana Hirsch et al
Index 1-18-cv-3969-
GHW – Attorney lien
SDNY local rules1.4,
supplement to Docket
170 for stay against
Ryan Whalen  and
*Livewire Ergogenics
Inc*
==================

Dear Judge Woods

      I am the former counsel to Sunny Joseph Barkats and JSBarkats, PLLC This letter motion

is referring to my charging lien of $700 and 3 million shares, of *Livewire Ergogenics Inc* (valued

at less than one cent a share), under Judiciary Law Section 475 *Livewire Ergogenics Inc* and

counsel Ryan Whalen, prior to settling my lien, should be stayed  from paying any money to

settle this case or arbitration case *JS Barkats, PLLC v. Livewire Ergogenics Inc. and Bill Hodson*

*- Case 01-19-0002-1040* or settle any judgment awarded or obtained by either Ira Thomas and/or

Bryce Jones on behalf of their fees or on behalf of Sunny Joseph Barkats and JSBarkats, PLLC

As the former attorneys of record for the plaintiff, the law firm is entitled to maintain a charging lien attached to any verdict, report, determination, decision, judgment, or final order rendered in Plaintiff's favor, including any settlement of the action, if such a favorable result is ultimately achieved by Plaintiff.

As held by the court in *Ruta & Soulios LLP v. Litman & Litman, PC,* 9 Misc 3d 1123(A) [Sup Ct 2005] affd, 27 AD3d 236 [1 Dept 2006]:

" A charging lien is a security interest in the favorable result of litigation giving the attorney equitable ownership interest in the client's cause of action and ensuring that the attorney can collect his fee from the fund he has created for that purpose on behalf of the client." *Chadbourne & Parke, LLP v. AB Recur Finans,* 18 AD3d 222, 223 (1st Dept.2005) citing *LMWT Realty Corp. v. Davis Agency,* 85 N.Y.2d 462, 467–468 (1995); *Butler, Fitzgerald & Potter v. Gelmin,* 235 A.D.2d 218 (1st Dept.1997). "

In a recent decision, *Stair v. Calhoun*, 722 F.Supp. 258 [E.D.N.Y. 2010], the court analyzed the motion of a law firm to withdraw as counsel for the plaintiff and for both charging and retaining liens, holding:

Under New York law, an attorney who is discharged is statutorily entitled to a charging lien on any monetary recoveries obtained by the former client in the proceedings in which the attorney had rendered legal services. *See* N.Y. Judiciary Law Section 475. The Second Circuit in *Butler, Fitzgerald & Potter v. Sequa Corp.,* 250 F.3d 171, 177 (2d Cir.2001) explained the rationale behind the charging lien:

New York's statutory charging lien, *see* N.Y. Judiciary Law Section 475 (McKinney 1983), is a device to protect counsel against "the knavery of his client," whereby through his effort, the attorney acquires an interest in the client's cause of action. *In re City of New York,* 5 N.Y.2d 300, 307, 184 N.Y.S.2d 585, 157 N.E.2d 587 (1959). The lien is predicated on the idea that the attorney has by his skill and effort obtained the judgment, and hence "should have a lien thereon for his compensation, in analogy to the lien which a mechanic has upon any article which he manufactures." *Williams v. Ingersoll,* 89 N.Y. 508, 517 (1882).

Specifically, Section 475 of the New York Judiciary Law provides:

From the commencement of an action … the attorney who appears for a party has a lien upon his client's cause of action, claim or counterclaim, which attaches to a verdict, report, determination, decision, award, settlement, judgment or final order in his or her client's favor, and the proceeds thereof in whatever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment, final order or determination. The court upon the petition of the client or attorney may determine and enforce the lien.

The charging lien is not lost by reason of the substitution of counsel. See, *In re Burroughs & Brown,* 239 AD 794 [2d Dept. 1933]. In this case, Plaintiff replaced the law firm with another at the client's own choosing. The substitution of counsel does not vitiate the charging lien in favor of the law firm.

Under New York law, a client may discharge an attorney at any time, with or without cause (*Matter of Montgomery,* 272 N.Y. 323, 326, 6 N.E.2d 40; *Reubenbaum v. B. & H. Express,* 6 A.D.2d 47, 48, 174 N.Y.S.2d 287 [Breitel, J.]). When a client discharges an attorney without cause, the attorney is entitled to recover compensation from the client measured by the fair and reasonable value of the services rendered whether that be more or less than the amount provided in the contract or retainer agreement (*Matter of Montgomery, supra,* 272 N.Y. at 326–327, 6 N.E.2d 40). As between them, either can require that the compensation be a fixed dollar amount determined at the time of discharge on the basis of quantum meruit (*Reubenbaum v. B. & H. Express, supra,* 6 A.D.2d at 48, 174 N.Y.S.2d 287) or, in the alternative, they may agree that the attorney, in lieu of a presently fixed dollar amount, will receive a contingent percentage fee determined either at the time of substitution or at the conclusion of the case (*id.*). See, *Lai Ling Cheng v. Modansky Leasing Co., Inc.,* 73 NY2d 454, 457-58 [1989].

As held by the Second Department in *Mello v. City of New York,* 303 AD2d 564 [2 Dept. 2003], based upon the election by the law firm, the charging lien ought to be acknowledged and fixed based upon a contingent percentage to be determined at the conclusion of the action.

The motion brought by the law firm is appropriately brought before the court in the underlying action, as opposed to being commenced as a separate, plenary action. See, *Miller v. Kassatly,* 216 AD2d 260 [1 Dept. 1995] (" Judiciary Law Section 475 establishes a statutory attorneys' lien, [and] permits enforcement of the lien either by way of motion in the main action or by plenary action. "); *Wasserman v. Wasserman*, 119 AD2d 932 [2 Dept. 2014] (" An attorney may enforce a charging lien simply by making a petition to the court in the proceeding where he or she appeared, rather than having to bring a separate plenary action. ")


Under common law, an attorney was originally only entitled to a lien upon the judgment but the scope of the charging lien was extended by statute [Judiciary Law Section 475] to give the attorney a lien upon the client's cause of action as well. The lien comes into existence, without notice or filing, upon commencement of the action or proceeding. See, *Matter of Heinsheimer*, 241 NY 361 [1915]. In *Matter of Heinsheimer*, Judge Cardozo stated,

If the attorney got possession of the fund, he had a general lien. If he did not get possession, his lien was for the services that brought the fund into existence. **This charging lien still exists under our statutes. It has been enlarged to the extent that it now attaches to a cause of action even before judgment.** 'From the commencement of an action or special proceeding' the attorney now has a lien 'upon his client's cause of action, claim or counterclaim, which attaches to a verdict, report, decision, judgment or final order in his client's favor, and the proceeds thereof in whosoever hands they may come.' (Judiciary Law, Cons. Laws, ch. 30, section 475.) Except as thus changed, the charging lien is today what it was at common law.

The concept of protecting an attorney's lien in litigation from inception through and after entry of judgment is an old one. As stated in the decision of *Fischer-Hansen v. The Brooklyn Heights Railroad Company*, 173 NY 492 [1903].

The lien upon a judgment was not created by statute, but was 'a device invented by the courts for the protection of attorneys against the knavery of their clients by disabling their clients from receiving the fruits of recoveries without paying for the valuable services by which the recoveries were obtained.' *Goodrich v. McDonald*, 112 NY 157 [1889].

In *Peri v. The New York Central and Hudson River Railroad Company*, 152 NY 521 [1897], the Court of Appeals held that an attorney's charging lien is a statutory lien "of which all the world must take notice, and any one settling with a plaintiff is without the knowledge of his attorney, does so at his own risk." In this case, that risk is borne by all of the defendants.

New York Judiciary Law Section 475 provides:

From the commencement of an action, special or other proceeding in any court or before any state, municipal or federal department, except a department of labor, or the service of an answer containing a counterclaim, or the initiation of any means of alternative dispute resolution including, but not limited to, mediation or arbitration, or the provision of services in a settlement negotiation at any stage of the dispute, the attorney who appears for a party has a lien upon his client's cause of action, claim or counterclaim, which attaches to a verdict, report, determination, decision, award, settlement, judgment or final order in his client's favor, and the proceeds thereof in whatever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment, final order or determination. The court upon the petition of the client or attorney may determine and enforce the lien.

The Court of Appeals noted, in *Matter of City of New York (United States of America-Coblentz)*, 5 NY2d 300 [1959], that the statute gives an attorney a lien on the cause of action which attaches to the judgment from the commencement of the action. In the decision, the Court stated that Section 475, in substance, declares the common law. The origin of an attorney's lien, whether as retaining or as charging, is obscure, but in all events, irrespective of type, has been recognized and enforced by the courts from very early times (see *Fourth Annual Report of N. Y. Judicial Council*, 1938, p. 49; 7 C. J. S., Attorney and Client, Section 210 et seq.; 5 Am. Jur., Attorneys at Law, Section 208 et seq.). The underlying purpose at both common law and now, by statute, is to protect an attorney against the 'knavery of his client' (*Matter of Rosentover v. Weiss*, 247 AD 137 affirmed 272 N.Y 557; *Goodrich v. McDonald*, 112 NY 157) and, being created by statute, does not require the giving of any notice in order to bring it into existence (*Matter of Drake v. Pierce Butler Radiator Corp.*, 202 Misc. 935) for it is generally regarded as an equitable assignment to the attorney of the fund procured by his efforts to the extent of the amount of his lien (*Matter of Herlihy*, 274 AD 342).

Other parties do not have the ability to destroy the attorney's vested property rights in and to the Judgment. See, *LMWT Realty Corp. v. Davis Agency, Inc.*, 85 NY2d 462 [1995] ("Manifestly, then, an attorney's charging lien is something more than a mere claim against either property or proceeds; an attorney's charging lien "is a vested property right created by law and not a priority of payment").


**Ira Thomas and Bryce Jones are liable**

In enforcing the charging lien, the attorney is not required to solely chase after his client for the money he is owed; he can also pursue the other defendants. In *Haser v. Haser*, 271 AD2d 253 [1 Dept. 2000], the court held that, under New York law, a plaintiff's attorney may enforce her statutory charging lien against the defendant's own assets, if he still possesses the settlement proceeds or knowingly paid them to the plaintiff so as to deprive the attorney of her compensation (citing to *Kaplan v Reuss*, 113 AD2d 184, 186-187, affd 68 NY2d 693; *Fischer-*

*Hansen v Brooklyn Hgts. R. R. Co.*, 173 NY 492, 502). The lien which attaches in the attorney's favor cannot be impaired by a collusive settlement

Because I did legal work on this case and on *JS Barkats, PLLC v. Livewire Ergogenics Inc. and Bill Hodson - Case 01-19-0002-1040,* I am entitled to compensation.

On or about August 2019 my client retained Bryce Jones and offered me $700 and contingency 10 percent of the shares, I accepted the offer and my client refused to pay me after receiving an email from Ira Thomas calling me an embarrassment not entitled to any shares.

My client then fired me at the emailed request of Bryce Jones

Because 1) I am the former counsel to Sunny Joseph Barkats and JSBarkats, 2) I worked on this matter and the arbitration. 3) I have a lien Docket 170 and 4) I have received ***$00.00*** for my services, I ask this Court to enforce my charging lien of $700 and 3 million shares of *Livewire Ergogenics Inc*, (valued at less than $30,000.00), under Judiciary Law Section 475, prior to settling my lien, *Livewire Ergogenics Inc* and counsel Ryan Whalen should be stayed from paying any money to settle this case or arbitration case *JS Barkats, PLLC v. Livewire Ergogenics Inc. and Bill Hodson - Case 01-19-0002-1040* or settle any judgment awarded or obtained by either Ira Thomas and/or Bryce Jones on behalf of their fees or on behalf of Sunny Joseph Barkats and JSBarkats

/s/Joseph Paukman

_____

**JOSEPH PAUKMAN**