UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

AMERICAN E GROUP LLC,

                Plaintiff,

-against-                          1-18-cv-03969-GHW

LIVEWIRE ERGOGENICS,INC.,

                Defendant.

LIVEWIRE ERGOGENICS,INC.,        **MEMORANDUM OF LAW IN SUPPORT**
                                                     **MOTION TO WITHDRAW VIA ORDER**
            Counterclaim Plaintiff/        **TO SHOW CAUSE**
            Third-Party Plaintiff

-against-

AMERICAN E GROUP LLC,

                Counterclaim Defendant,

ELANA HIRSCH A/K/A ELANA
MICHELLE HIRSCH A/K/A ELANA
BARKATS, JSBARKATS PLLC and
SUNNY JOSEPH BARKATS A/K/A
SANNY JOSEPH BARKATS,

                Third-Party Defendants,

## LEGAL ARGUMENT

      1.      I submit this Declaration in support of my firm's Motion to Withdraw, brought by Order to Show Cause.

      2.      Courts generally perform a two-step analysis in determining whether to permit counsel to withdraw from representing a party in pending litigation. First, courts must look to the Rules of Professional Conduct or other applicable rules of ethical conduct for attorneys for guidance on whether an attorney has established good cause for granting leave to withdraw.

*Whiting v. Lacara*, 187 F.3d 317, 320-21 (2d Cir. 1999). Second, the court must analyze the anticipated impact of the requested withdrawal on the progress of the case, and whether the suit will be disrupted by a withdrawal. *Id.*

3. The analysis for these two steps becomes somewhat merged under New York Rule of Professional Conduct, 1.16 (c)(1), which states that a lawyer may withdraw from representing a client when "withdrawal can be accomplished without material adverse effect on the interests of the client."

4. Mr. Barkats has had notice since September 27, 2019, that our firm would be attempting to withdraw from the matter. He has affirmatively refused even to search for substitute counsel and withheld his consent to our withdrawal.

5. Our firm has had relatively limited involvement substantively in this matter. We have written a reply brief for a prior counsel's Motion to Compel Arbitration and responded to discovery requests from an opposing party. Due to our client's instructions and wish for this matter to remain in confidential arbitration, we have been largely on hold until the Court renders a decision on Mr. Barkats' and JSBarkats PLLC's Motion to Compel Arbitration.

6. Mr. Barkats' refusal to seek alternative counsel after almost two months of notice means that any adverse material effect on the interests of the client from our withdrawal will have been caused by Mr. Barkats, himself, and he should therefore be estopped from asserting it as a basis for our opposition to withdrawal.

7. Our withdrawal would not unduly disrupt the suit or the progress of the case, which is in the early stages of discovery. No other party to the action opposes our withdrawal. Mr. Barkats, himself, is an attorney licensed in NY State and has ample resources and means either to find alternative counsel or represent himself and his firm.

8. For the foregoing reasons, Jones Law Firm, P.C. respectfully requests leave of this Court to withdraw as counsel for Sunny Barkats and JSBarkats, PLLC.

    Respectfully submitted,

    /s/ T. Bryce Jones
    Jones Law Firm, P.C.
    42 W. 38th St. Suite 1002
    New York, NY 10018
    (212) 258-0685
    bryce@joneslawnyc.com